UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GEORGE FANNING | CIVIL ACTION |
|---|---|
| VERSUS | No. 09-2117 |
| AMERICAN RELIABLE INSURANCE COMPANY | SECTION I |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of defendant, American Reliable Insurance Company ("ARIC"), in its capacity as a Write-Your-Own ("WYO") carrier participating in the U.S. National Flood Insurance Program ("NFIP").[1] Plaintiff, George Fanning, opposes the motion.[2] For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

Plaintiff's home sustained flood damage when Hurricane Katrina made landfall on August 29, 2005. At that time, plaintiff's home was insured against flood damage by a Standard Flood Insurance Policy[3] ("SFIP") issued by ARIC, in its capacity as a WYO insurer. The SFIP

---

[1] R. Doc. No. 14.
[2] The Court notes that the plaintiff's opposition in this matter is almost identical to plaintiff's opposition in <u>Cason v. State Farm Fire and Cas. Co.</u>, No. 09-2144, 2009 WL 4020752 (E.D.La. Nov. 18, 2009); <u>Robertson v. National Flood Ins. Program</u>, No. 09-1724, 2009 WL 3565065 (E.D.La. Oct. 27, 2009); and <u>Graham v. State Farm Fire and Cas. Co.</u>, No. 08-4392, 2009 WL 3082055 (E.D.La. Sept. 23, 2009). In each of those cases, the Court, relying on unequivocal precedent from the United States Court of Appeals for the Fifth Circuit, rejected the same arguments made here. Additionally, in this matter, as in each of the previous occasions, plaintiff cites to two opinions by other sections of this Court without acknowledging that the author of each of those opinions has since repudiated the opinion's reasoning in light of more recent Fifth Circuit jurisprudence.
[3] Plaintiff's SFIP policy number is 1961505137, and the policy's effective period was November 11, 2004 through November 11, 2005. R. Doc. No. 14-4.

1

provided coverage up to $71,500 for flood damage to plaintiff's dwelling and no protection for the contents of plaintiff's dwelling.[4]

In the aftermath of the storm, plaintiff filed a claim with ARIC under the SFIP.[5] ARIC sent an adjuster to plaintiff's property on October 3, 2005, and the adjuster recommended payment in the amount of $59,318.64 for damage to the building.[6] Subsequently, ARIC paid plaintiff $59,318.64 for damage to the building.[7]

On August 29, 2007, plaintiff filed the above-captioned lawsuit against ARIC seeking payment of his flood claim. On December 12, 2010, ARIC filed this motion arguing that plaintiff has not complied with the mandates of the SFIP because he failed to submit a proper proof of loss and supporting documentation. As a result, ARIC claims that, as a matter of law, plaintiff cannot recover on his SFIP claims.

*LAW AND ANALYSIS*

**I.      STANDARD OF LAW**

A.  Summary Judgment Standard

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence

---

[4] R. Doc. No. 14-4 para. 9. Plaintiff's coverage was subject to a $1,000 deductible for both building and contents.
[5] R. Doc. No. 14-4, para. 10.
[6] R. Doc. No. 14-4, para. 13.
[7] R. Doc. No. 14-4, para. 13.

of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

B. The National Flood Insurance Act

The NFIP was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001-4129 (2006), and it is administered through the Federal Emergency Management Agency ("FEMA"). Wright v. Allstate Ins. Co. (Wright I), 415 F.3d 384, 386 (5th Cir. 2005). FEMA sets the terms and conditions of all federal flood insurance policies, and these policies must be issued in the form of a SFIP. See Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998).

Although a SFIP can be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury." Wright I, 415 F.3d at

386. Because the federal treasury is implicated in the payment of flood claims, the provisions of an SFIP must be strictly construed and enforced. Id. at 387. "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" Id. (quoting Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424 (1990)). Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." Id. at 388.

   C. Compliance with SFIP Requirements

An insured must strictly comply with the requirements of the SFIP in order to recover. See Gowland, 143 F.3d at 954 ("[T]he provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced...."); Durkin v. State Farm Mut. Ins. Co., 3 F.Supp.2d 724, 728 (E.D.La.1997) (Vance, J.) (granting a motion for summary judgment because the plaintiff had not submitted an inventory to the insurer that met SFIP requirements). The insured may not file a lawsuit against his WYO insurer "unless [he has] complied with **all** the requirements of the [SFIP]." 44 C.F.R. pt. 61, app. A(1) art. VII. R., (emphasis added). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator." 44 C.F.R. § 61.13(d); Gowland, 143 F.3d at 953.

## II. DISCUSSION

Where, as here, an insured is attempting to recover under an SFIP after a dispute over lack of payment or partial payment, a plaintiff must strictly comply with all of the requirements of the SFIP, including the proof of loss and supporting documentation requirements. See Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co., 542 F.3d 1053, 1056 (5th Cir. 2008) (citing Richardson v. American Bankers Ins. Co., 279 F.App'x 295 (5th Cir. 2008)); Eichaker v. Fidelity Nat'l Prop & Casualty Ins. Co., 2008 WL 2308959, at *3-4 (E.D.La. June 3, 2008).

Plaintiff alleges that his property was damaged during Hurricane Katrina in August, 2005. Under the SFIP, plaintiff was required to file a sworn proof of loss within one year of the date of loss. See Gowland, 143 F.3d at 954. Defendant contends that, prior to filing this lawsuit, plaintiff did not file a formal proof of loss or provide any supporting documentation.[8] An NFIP participant is not permitted to file a lawsuit without satisfying the proof of loss requirement. Id. Plaintiff should have filed his sworn proof of loss no later than August 29, 2006. Because he did not do so, plaintiff is barred from asserting a SFIP claim.[9]

While plaintiff concedes that a proof of loss was not filed, he argues that an issue of material fact remains because ARIC might still seek a waiver from FEMA of the proof of loss

---

[8] R. Doc. No. 14, p. 2. In plaintiff's statement of contested/ uncontested facts, plaintiff admits that he never submitted a timely signed and sworn proof of loss to ARIC. R. Doc. No. 17-3, para. 10.
[9] Because of this Court's ruling with respect to the proof of loss requirement, it does not need to reach defendant's other arguments concerning lack of documentation and plaintiff's failure to comply with the discovery schedule.

requirement.[10] This argument ignores the clearly established rule that courts must strictly construe the requirements of the SFIP. A sworn proof of loss is "a condition precedent" to bringing litigation. Marseilles, 542 F.3d at 1055. Additionally, the insurer does not have the power to waive the mandatory proof of loss requirement. Gowland, 143 F.3d at 954. SFIP requirements can only be waived with "the express written consent of the Federal Insurance Administrator." Id.

Lastly, plaintiff contends that his equal protection and due process rights were violated because ARIC has given waivers in some cases but refuses to do so for her. Putting aside the fact that ARIC does not have the power to issue a waiver, this argument was rejected in Wientjes v. American Bankers Ins. Co. of Florida, 2009 WL 2391407 at *2-3 (5th Cir. 2009) (per curiam).

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** and plaintiff's claims against ARIC in its capacity as a WYO carrier are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, February 18, 2010

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[10] Additionally, plaintiff argues that, pursuant to Rule 56(f), the Court should delay its ruling pending further discovery. "A non-movant seeking relief under Rule 56(f) must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact." Adams v. Travelers Indem. Co. of Connecticut, 465 F.3d 156, 162 (5th Cir. 2006). Because ARIC does not have the power to grant a waiver of the proof of loss requirement, further discovery will not create an issue of material fact.

6